IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Petitioner,

v.

SANMINA CORPORATION AND SUBSIDIARIES,

    Respondent.

No. C 15-00092 WHA

**ORDER GRANTING MOTION TO STAY**

**INTRODUCTION**

In this action to enforce an IRS summons, respondent moves to stay the production of two memoranda pending its appeal of an order finding waiver of the attorney-client privilege and attorney work-product doctrine. For the reasons stated herein, respondent's motion is **GRANTED**.

**STATEMENT**

The Internal Revenue Service seeks production of two memoranda that respondent Sanmina Corporation and subsidiaries relied on to validate a $503 million deduction which offset all of its taxable income for the 2008 tax year (Dkt. No. 8 at 18). The IRS issued a summons on December 18, 2013, demanding Sanmina produce the memoranda in question (Dkt. No. 1-2, Exh. A at 3). Sanmina declined to produce the memoranda, invoking the

1  attorney-client privilege and attorney work-product doctrine.  In January 2015, the IRS filed a
2  petition to enforce the summons (Dkt. No. 1).  An order dated May 2015 denied enforcement of
3  the summons and the IRS appealed (Dkt. Nos. 15, 19).  Our court of appeals remanded the
4  matter on December 20, 2017 to determine:  (1) whether the memoranda are privileged in the
5  first instance, and (2) whether such privilege was waived (Dkt. No. 36).  An order dated
6  October 2018 affirmed that the memoranda were originally protected by the attorney-client
7  privilege and as attorney work-product, but ultimately concluded that both grounds had been
8  waived (Dkt. No. 51).  Sanmina now moves to stay production of the memoranda pending the
9  outcome of its appeal.

10  This order follows full briefing.  Pursuant to Civil Local Rule 7-1(b), this order finds
11  Sanmina's motion suitable for submission without oral argument and hereby **VACATES** the
12  hearing scheduled for December 13.

### ANALYSIS

Whether to issue a stay is within the district court's discretion.  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 434 (2009).  This requires the court to weigh four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Ibid.*  For the second *Nken* factor, our court of appeals has explained that a petitioner must "demonstrate that irreparable harm is *probable*" absent a stay, and that "if the petitioner has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding other stay factors."  *Leiva-Perez v. Holder*, 640 F.3d 962, 965–68 (9th Cir. 2011) (emphasis added).  This order finds that the balance of equities weigh in favor of granting a stay.

Sanmina claims it would be severely and irreparably injured if it had to turn over documents that were later adjudicated to be privileged (Dkt. No. 54 at 3).  This order agrees. While Sanmina has not made a strong showing that it is likely to succeed on the merits,

2

Sanmina's burden with regard to irreparable harm is "higher than it is on the likelihood of success prong, as it must show that an irreparable injury is the more probable or likely outcome." *Leiva-Perez*, 640 F.3d at 968. The threshold for the second prong is higher than that of the first prong because, while "a court often cannot reasonably determine whether the petitioner is more likely than not to win on the merits, [ ] typically it is easier to anticipate what would happen as a practical matter following the denial of a stay." *Ibid.* If a stay is denied and the memoranda are ordered produced, privilege cannot be restored.

The IRS makes three arguments to support its position that a stay should not issue. Each argument is discussed in turn.

*First*, the IRS argues that any harm Sanmina might suffer is not irreparable. The IRS cites to *Church of Scientology of California v. United States*, 506 U.S. 9, 12–13 (1992), for the proposition that though "a court may not be able to return the parties to the *status quo ante*—there is nothing a court can do to withdraw all knowledge or information that IRS agents may have acquired by examination of the tapes—a court can fashion *some* form of meaningful relief in circumstances such as these." While the possibility of effectuating some sort of relief might be sufficient to prevent Sanmina's appeal from being moot, the Supreme Court has not blessed the compelled production of potentially privileged documents pending appeal. As such, this order finds that absent a stay, Sanmina will still be irreparably harmed, even if some of the harm could be later mitigated.

*Second*, the IRS asserts that a stay would harm both its own interest and the public interest. When the government is the opposing party, the balance of hardships and public interest prongs are merged. *Leiva-Perez*, 640 F.3d at 970. The IRS argues that under the relevant statute of limitations, it has until December 2019 to assess Sanmina's tax liability and an open-ended stay could impede their tax collection efforts, harming its interest (Dkt. No. 60 at 7–8). *Third*, the IRS argues that the public's interest in the expeditious assessment and collection of taxes weighs against granting a stay *(Id.* at 7). This order disagrees.

Given that the appeal has already commenced and that the matter came back here on a limited remand, our court of appeals is presumably close to a decision. It will not injure the

IRS or the public interest to wait a few more months or weeks for that appellate decision. Thus, this order maintains the memoranda's privilege.

**CONCLUSION**

In sum, Sanmina has demonstrated it will suffer irreparable harm absent a stay. Accordingly, Sanmina's request for a stay pending appellate decision is **GRANTED**. Sanmina does not have to produce the memoranda in question until, if ever, an affirmance, or other order, by our court of appeals. But upon affirmance by our court of appeals, Sanmina must turn over the memoranda in question to the IRS within **14 CALENDAR DAYS**. The December 13 hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: December 4, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE